**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:24-CR-00260 |
| | : | |
| v. | : | (Judge Mehalchick) |
| | : | |
| | : | Electronically Filed |
| NATHANIEL SEAN DELEON, | : | |
| Defendant. | : | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States files this Sentencing Memorandum as an aid to the Court in the sentencing of defendant Nathaniel Sean DeLeon, currently scheduled for May 20, 2025.

Between June and November 2023, DeLeon inflicted continuous psychological abuse on a minor victim in Cumberland County, Pennsylvania after she rejected him romantically. DeLeon made numerous, fake emergency phone calls to law enforcement to cause them to respond to the home of the victim and her friends and family. DeLeon further caused a bomb threat to be called into the victim's school, resulting in the evacuation of students and faculty. DeLeon also uploaded the minor victim's personal information and sexually explicit videos involving the minor victim to the internet and distributed those sexually explicit videos to the victim's mother.

The sentencing guidelines range for DeLeon's conduct is 78 to 97 months. The parties ask the Court to accept their agreed-to sentencing range of 72 to 78 months' imprisonment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The Government separately asks the Court to impose a sentence of 78 months' imprisonment because it appropriately fits the Section 3553(a) factors: it credits DeLeon for his timely acceptance of responsibility, accounts for DeLeon's personal characteristics, and reflects the seriousness of his conduct.

## PROCEDURAL HISTORY AND UNDERLYING FACTS

On September 25, 2024, a grand jury returned a two-count indictment charging DeLeon with distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2) (Counts 1 and 2). Doc. 1.

On November 7, 2024, DeLeon pleaded guilty to a two-count Information charging him with distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2) (Count 1), and false information and hoax, in violation of Title 18, United States Code, Section 1038(a)(1)(A). Docs. 17, 19.

DeLeon has been detained since his initial appearance on October

9, 2024. Doc. 31.

**DeLeon's Conduct**

The final presentence report (PSR) accurately summarizes DeLeon's offense conduct. Briefly, between June 24, 2023, and November 30, 2023, then-19-year-old DeLeon made 23 telephone calls to law enforcement, falsely reporting imminent or ongoing crimes at multiple addresses in Cumberland County, Pennsylvania. The telephone calls, known as "swatting," involve a person making prank telephone calls to emergency services in an attempt to dispatch large numbers of armed police officers to a particular address. 16 of the calls alleged disturbances at Victim 1 (a minor)'s address; other calls alleged disturbances at addresses associated with Victim 1's relatives and friends. On November 30, 2023, DeLeon pretended to be Victim 1 when he communicated a bomb threat to her Cumberland County school." Approximately 650 students and staff from Big Spring High School were evacuated and the school was closed for the day. There were no explosions, and no explosive devices were found inside the school. DeLeon swatted Victim 1 and her family and friends, in part, in retaliation for Victim 1 romantically rejecting him. As part of DeLeon's campaign of retaliation against Victim

1, he also distributed four videos containing Child Sexual Abuse Material (CSAM) involving Victim 1 to Victim 1 and Victim 1's mother. DeLeon further "doxxed" (or "doxed")[1] Victim 1 by uploading CSAM related to Victim 1, as well as Victim 1's online account credentials such as banking portal logins, to Doxbin.com.[2] As part of a search warrant executed on DeLeon's Tulare, California home, law enforcement recovered videos of CSAM related to Victim 1. Based on the evidence recovered during the investigation, DeLeon possessed 1,944 images of CSAM. PSR at ¶¶ 7-16.

## The PSR's Guideline Calculation

The final presentence report was filed on March 14, 2025. Doc. 31. The PSR calculated DeLeon's total offense level (after a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1) to be 28. PSR at ¶¶ 20-43. DeLeon's criminal history category was calculated to be I (0 points). PSR at ¶¶ 44-46. Based on an offense level of 28 and a criminal history category of I, the PSR calculated DeLeon's

---

[1] To "doxx" someone means to "publish private or identifying information about (a particular individual) on the internet, typically with malicious intent." *See* Google Dictionary, "doxx," available at https://www.google.com/search?q=doxx (last accessed May 11, 2025).

[2] There is no evidence the CSAM DeLeon posted to Doxbin.com was downloaded.

advisory guideline range to be 78 to 97 months' imprisonment. PSR at ¶ 63.

## DeLeon's Sentencing Memorandum

DeLeon filed a sentencing memorandum on May 5, 2025. Doc. 38. In it, he does not object to any of the calculations in the PSR. DeLeon instead lists certain of the factors set forth in Title 18, United States Code, Section 3553(a) and asks the Court to (1) accept the parties' agreement under Federal Rule of Criminal Procedure 11(c)(1)(C); and (2) impose a sentence of 72 months' imprisonment. *Id.* at pp. 3-7.

## ARGUMENT

District courts engage in a familiar three-step process when sentencing criminal defendants:

> A district court must begin the process by first calculating the applicable sentencing guidelines range. After that initial calculation, the court must then rule on any motions for departure, if a motion is granted state how the departure affects the guidelines calculation. Finally, after allowing the parties an opportunity for argument, the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose, which may vary from the sentencing range called for by the guidelines.

*United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

## The guideline calculation is accurate

The PSR accurately calculated DeLeon's applicable guideline range at 78 to 97 months' imprisonment based on a total offense level of 28 and a criminal history category of I. PSR at ¶ 63. Neither DeLeon nor the Government object to the PSR. Doc. 32.

## There are no motions for departure

Turning to step two, neither DeLeon nor the Government request a departure.

## The 3553(a) factors warrant a sentence of 78 months' imprisonment

At step three, the Court is enjoined to consider the 18 U.S.C. § 3553(a) factors and any variances from the guidelines range that may be appropriate.

The offenses for which DeLeon is to be sentenced—distributing child pornography and hoaxing—are unquestionably serious and warrant a sentence that reflects the seriousness of the offenses, promotes respect for the law, provides for just punishment, and deters others from engaging in similar conduct.

The offense descriptions fail to capture the gravity of DeLeon's conduct. From the comfort of his bedroom in Tulare, California, DeLeon

terrorized Victim 1 and her family, disrupted the activities of hundreds of students and school staff, and diverted law enforcement resources from those in need. *Cf.* Doc. 38 at unpaginated p. 4 ("The events that led to the charges in this case are troublesome. The events that gave rise to these charges occurred over a period of time and were continuous. DeLeon was asked to and had many chances to stop . . . He should have and could have stopped at any point but didn't. He made things worse.").

Generally, the Court should sentence DeLeon within the applicable guideline range, "…unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1); *accord United States v. Likens*, 464 F.3d 823, 825 (8th Cir. 2006) ("The guideline range, though advisory, is presumed to be reasonable.") (citation omitted).

There is little in DeLeon's family, educational, and medical history to commend a sentence below his guideline range. Doc. 31 at ¶¶ 50-59. DeLeon denied any history of abuse or significant problems. Doc. 31 at ¶ 51. DeLeon further denied mental and emotional health issues and

denied substance abuse, though he stated he had been prescribed medication for anxiety. *Id.* at ¶¶ 56-57. DeLeon reported he is in good physical health. *Id.* at ¶ 54.

At bottom, DeLeon's conduct was extensive (involving 23 calls), and constant (continuing over five months).[3] It was not merely a limited exercise in poor judgment. As such, a sentence of 78 months' imprisonment would "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)-(B).

[3] The Government takes exception to DeLeon's representation that he "made a cascade of terrible mistakes." Doc. 38 at unpaginated p. 4. DeLeon's conduct was sustained and intentional.

## CONCLUSION

For the reasons stated above, the Court should impose a sentence of 78 months' imprisonment.

Respectfully submitted,

JOHN C. GURGANUS
Acting United States Attorney

Dated: May 11, 2025

/s/ David C. Williams
David C. Williams
Assistant United States Attorney
PA 308745
Sylvia Rambo United States Courthouse
1501 N. 6th Street, Box 202
Harrisburg, PA 17102
Phone: (717) 614-4245
Fax: (717) 221-4493
david.williams4@usdoj.gov